No. 45081.—Protests 990731–G, etc., of Peter Schneider's Sons & Co., et al. (New York).

Opinion by KINCHELOE, J.  When these cases were called for trial the importers either failed to appear or submitted the protests upon the records without introducing any testimony in support of the claims made.  The records disclosing no error in the action of the collector the protests were overruled.

No. 45082.—Protest 43558–K of Hammel, Riglander & Co., Inc. (New York).

Opinion by DALLINGER, J.  On the agreed facts the circular saws in question were held dutiable at 20 percent under paragraph 340 as claimed.

DECEMBER 28, 1940

No. 45083.—Suit 4215.— ▬▬▬▬▬▬—*John S. Connor* v *United States.*  Abstract 39995 affirmed.  C. A. D. 143.

No. 45084.—Suit 4236.— ▬▬▬▬▬▬
*Sucrest Corporation* v. *United States.*  Abstract 40315.  Appeal dismissed, October 25, 1940.

BEFORE THE FIRST DIVISION, JANUARY 2, 1941

No. 45085.—Protest 898340–G of Wm. Shaland (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) Metal pipe kazoos at 45 percent under paragraph 397, Abstract 44122 followed; (2) squawker balloons in part of bamboo at 45 percent under paragraph 409, Abstract 40493 followed; (3) wooden cabinets similar to those the subject of Abstract 37636 at 33⅓ percent under paragraph 412; and (4) novelties in chief value of fur similar to those the subject of Abstract 41823 at 50 percent under paragraph 1519 (e).

No. 45086.—Protest 986385–G of Alice H. Marks (New York).

Opinion by OLIVER, P. J.  It was stipulated that the atomizers in question are the same in all material respects to those the subject of Abstract 44140.  The claim at 60 percent under paragraph 218 (f) was therefore sustained.

No. 45087.—Protest 812944–G of Carlos Ruggles Lumber Co. (Boston).

Opinion by WALKER, J.  It was stipulated that the lumber consists of planed, tongued, or grooved lumber the same in all material respects as that the subject of *Myers* v. *United States* (T. D. 49530).  It was therefore held that allowance should be made for tonguing, grooving, and planing.  The protest was accordingly sustained.